The People of the State of New York, Plaintiff, *v.* Ruben Perez et al., Defendants.

County Court, Kings County. July 2, 1962.

*J. Harry Pincus* for defendants. *Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for plaintiff.

Nathan R. Sobel, J. In addition to other issues decided during the course of the hearing on this motion to suppress, an issue is raised which has become quite commonplace in the substantive law of search and seizure. It concerns "latecomers" into the searched premises.

In the instant case a dozen police officers, under the authority of a search warrant, entered the private premises. They remained for several hours during which period, and at various times, eight other defendants entered the premises and were arrested and searched.

The law of "latecomers" is in the same area as the law of "bystanders". To summarize briefly the law governing "by-

standers '', it need be noted again that a search warrant contains no authority whatsoever to arrest. (See my discussion in *People* v. *Montanaro*, 34 Misc 2d 624.) But a search warrant does contain authority to enter the specified fixed premises. Once lawfully on the fixed premises, if the officers observe a crime being committed in their presence (usually possession of contraband) they may make an arrest of those present and conduct an incidental search (entirely apart from the authority of the search warrant) of their persons.

The law governing '' bystanders '' is no different if the original entry to fixed premises was without a search warrant, but for the purpose of making a lawful arrest therein. (This presupposes probable cause and statutory authority to make an arrest for a crime not committed in the presence of the officers.) Once lawfully on the fixed premises the officers may not only arrest their '' target '' but also may arrest and search any bystanders whom they observe committing a crime in the premises.

In major respects the law of '' latecomers '' is the same. Once lawfully on premises under a search warrant or for the purpose of lawful arrest, the police may search any '' latecomers '' who later enter the premises if they observe the commission of a crime in their presence (e.g., possessing in open view any contraband).

But the right to *search* latecomers, as distinguished from the right to *arrest* them, depends additionally *on the lawful continued presence of the police within the fixed premises*. In short, a police officer who has become a *trespasser* may have the right to make a lawful arrest within the premises but he has no right to make a lawful search.

This is the confusing area of the law. Yet it is resolved by simple principles.

The right to make an arrest for any crime committed in the presence of the police officer (Code Crim. Pro., § 177, sub. 1) is purely statutory. The statute makes no mention of the requirement of '' probable cause ''. And although the Supreme Court has often stated that an unreasonable *arrest* is prohibited by the Fourth Amendment (*Henry* v. *United States,* 361 U. S. 98, 100–101; *Giordenello* v. *United States,* 357 U. S. 480, 485–486; *Albrecht* v. *United States,* 273 U. S. 1, 5), it may not be a violation of the due process clause of the Fourteenth Amendment for a State statute to do away with the requirement of probable cause to arrest, with respect to crimes *not* committed in the presence of a police officer. No State would of course do so.

The point however is that illegality of "arrest" *unaccompanied by a search,* is not in the area of the law of search and seizure and has not as yet been prohibited by the Fourth Amendment. Therefore the cases have uniformly held that an unlawful arrest per se may result in a perfectly valid conviction. (*Balbo* v. *People,* 80 N. Y. 484; *People* v. *Barbato,* 254 N. Y. 170; *Wong Sun* v. *United States,* 288 F. 2d 366; *People* v. *Miller,* 13 Ill. 2d 84, 97; *People* v. *Ambrose,* 155 Cal. App. 2d 513.) In short, so long as there is legal evidence other than the product of an unreasonable search, to convict (e.g., incriminating statements) it does not matter that the arrest was originally unlawful or that the police "guessed" correctly without probable cause.

But in order to have a lawful or reasonable "*search*" the Fourth Amendment, via the Fourteenth, commands that there must be "probable cause" for the search. While a State may perhaps be free to adopt its own standards with respect to the law of arrest, it may not do so with respect to the law of reasonableness of searches and seizures. The principle is made clear by the facts of this case.

In the instant case, even though the *arrest* of the latecomers to the premises may be perfectly legal, a *search* of their persons and "extensions" (*Davis* v. *United States,* 328 U. S. 582, 609–611) may be unreasonable.

One of the circumstances which could make the "*search*" unreasonable is the fact that the police officer has become a trespasser. The principle is that probable cause must exist before an arrest (*Byers* v. *United States,* 273 U. S. 28; *Di Re* v. *United States,* 332 U. S. 581; *People* v. *De Vasto,* 198 App. Div. 620) and probable cause to make a search within fixed premises must exist *before* the police enter the curtilages thereof. Thus if the police are trespassers they cannot make a search, even for a crime committed in their presence, although they may make a perfectly valid arrest for that crime by reason of the arrest statute (Code Crim. Pro., § 177, sub. 1) which does not require probable cause.

With respect to the substantive law of search and seizure in its relation to latecomers, it is possible for police who are in the first instance lawfully upon the premises to become trespassers. Whether they have become trespassers depends on the facts and circumstances of each case.

In the instant case the police were lawfully on the premises in the first instance by authority of a search warrant. They were searching for policy slips, which are likely to be concealed. This justifies a broader and more intensive search than if they

were searching for stolen typewriters. But *immediately* after entry they found the policy slips in great quantity sufficient to prove a crime. They contend that they remained on the premises for further search. With respect to those "latecomers" who entered during the early part of the search, I have found during the hearing that the police had not as yet become trespassers.

But with respect to the defendant Rubin Perez, who entered two hours after the search had commenced, I find that the police officers were trespassers.

Parenthetically, it may be noted that a court should be much more liberal in its determination of the issue of "trespass" or "no trespass" when the police are lawfully on the premises by reason of a search warrant. They should be permitted a broader area of search and consequently a longer duration of search.

But with respect to an "incidental search", such a search must always be kept in its proper relationship as incidental only to the right to arrest. Such a search must in fact be contemporaneous with the arrest. The police may remain on the arrest premises for a reasonable, but short period only, after the arrest.

Under both the search with a warrant and the warrantless search, an important circumstance to be considered by the court is the *productiveness* of the search. After the search has been productive, under ordinary circumstances, the police may no longer remain upon the premises. If the search has been unproductive a longer but reasonable period should be allowed to continue the search.

But of course under any kind of search, if the police remain upon the premises not to search, but with the purpose to arrest any latecomers, they are trespassers, and all such searches are unreasonable. I so find with respect to the search of defendant Rubin Perez. The product of the search is suppressed.