■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARD BROWN, Appellant.— Appeal by defendant from (1) a judgment of the Supreme Court, Richmond County, rendered October 14, 1969, convicting him of criminal possession of a dangerous drug in the second degree, on his plea of guilty, and imposing sentence, and (2) an order of said court entered June 16, 1969, which denied his motion to suppress evidence allegedly obtained by an illegal search and seizure. Judgment and order affirmed. On the afternoon of February 4, 1969, pursuant to a search warrant, four police officers entered an apartment in Richmond County for the purpose of searching for narcotics and a pistol. According to the testimony of the only witness who testified at the suppression hearing, a police officer, they searched continuously while on the premises. However, the search was prolonged by frequent interruptions by persons who arrived at the apartment and were arrested. After one and one-half or two hours there was a knock at the door. The officer asked, "Who?", and was answered by the single name, "Gerard". The officer testified that he identified the voice as that of a participant in two telephone conversations he had previously overheard by means of a court-ordered wiretap, which in cryptic terms dealt with a narcotics transaction, between the person who he said called himself "Gerard" and an occupant of the apartment being searched. Upon opening the door the officer saw defendant and another man standing in the hallway. The two men backed away slightly and defendant turned and placed a tinfoil wrapped package on a pile of bicycles which was adjacent to the door of the apartment. They were immediately taken into custody. The officer seized the package, which was found to contain narcotics. In our opinion, the seizure may be upheld on the ground of abandonment. The actions of defendant indicate an intent to pur-

posefully divest himself of possession of the package. Unlike the facts in *People* v. *Anderson* (24 N Y 2d 12), it does not appear that defendant inadvertently dropped the package or that he would have retrieved it if the officer had not immediately interceded. Moreover, there is no testimony here that the officer was reaching for the package before defendant put it down. Defendant argues that any abandonment was tainted by the primary illegality of the actions of the police, consisting of an allegedly illegal wiretap, their manner of entry into the apartment and the unreasonable length of time they remained on the premises. Assuming, without so concluding, that under these circumstances defendant has standing to raise these contentions, we hold that the abandonment was not so tainted. While the legality of the wiretap would be relevant to the issue of probable cause for the arrest, it is not relevant to the issue of abandonment. The police officer testified without contradiction that the search warrant was not obtained as a result of information gleaned from the wiretap. The police were present in the apartment by virtue of a search warrant, the validity of which has not been challenged in this case. The proof is that the officers knocked on the rear door of the apartment, identified themselves and announced they had a search warrant. When they received no response after 10 or 15 seconds, they broke the door in. In our opinion, under all the circumstances, the procedure employed was not improper. The officers had been in the apartment for one and one-half to two hours when defendant appeared. However, the uncontradicted testimony is that they were continuously searching for that period of time and that the search was prolonged by the frequent arrival of visitors to the apartment. Under the circumstances, we do not consider that the police had thereby assumed the status of trespassers (see *People* v. *Perez*, 35 Misc 2d 461). We note, finally, that we would not uphold this seizure as incidental to a valid arrest. The testimony that defendant's voice was identified by the utterance of a single name, heard through a closed door, is, under the facts in this record, insufficient upon which to base a finding of probable cause. Contrary to the testimony of the officer, the substance of the telephone conversation contained in the record reveals that the party identified himself as " Rog " and not " Gerard ". Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.