■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD O'CONNELL THOMPSON, Appellant.—Appeal by defendant from (1) an order of the Supreme Court, Queens County, dated March 23, 1973, which, after a hearing, denied his motion to suppress evidence, and (2) a judgment of the same court, rendered April 16, 1973, convicting him of possession of a weapon, dangerous instrument and appliance as a felony, upon his plea of guilty, and imposing sentence. Order modified, on the law, by adding thereto, immediately after the words "is denied", the following: "as to the shotgun and the motion is granted as to the pistol found in the dresser drawer and the items found in the suitcase taken from the closet." As so modified, order affirmed. Judgment reversed, on the law, plea vacated, and case remanded to Criminal Term for further proceedings not inconsistent herewith. An identification check of two men (defendant and a companion) conversing on the street in front of several closed businesses at 5:00 A.M. in an area which has been the scene of many burglaries and robberies is a

proper exercise of the police authority to make investigative inquiries (cf. *People v Cantor,* 36 NY2d 106). Upon being approached by two officers who announced their identity but made no move to seize defendant and his companion, defendant dropped what appeared to the arresting officer to be a glassine envelope containing heroin. The officer, thereupon, had probable cause to arrest defendant. When defendant was in custody he told the officers, either in response to a question or in an unsolicited outburst, "I'm not the one you want. The people you want are up in my apartment." It was proper for the officers, investigating defendant's statement, to enter his apartment (a room adjoining a community kitchen) without a warrant, even though they had no specific consent *(People v Gallmon,* 19 NY2d 389, cert den *sub nom. Gallmon v New York,* 390 US 911; *People v Neulist,* 43 AD2d 150), and the seizure therein of a sawed-off shotgun, the butt of which was in plain view in a room full of people, was permissible to protect the officers. The thorough search of the room, and the seizure therein of a pistol from a dresser drawer and of drugs and drug paraphernalia from a suitcase in a closet, after all persons had been cleared from the room, was impermissible (cf. *People v Floyd,* 26 NY2d 558, 563). There was no reason to fear an assault by a person with a weapon within reach, i.e., in the dresser, since there was no one in the room. Even though the officer could legally look into the closet to assure himself that no one who might harm him was hiding there, he had no right to open and examine the suitcase he found therein. Any weapons which might have been contained in the suitcase were certainly out of reach of the persons in the next room. Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.