■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES HASSELE and CARMEN HASSELE, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, dated December 1, 1975, which, after a hearing, granted defendants' motion to suppress certain physical evidence. Order reversed, on the law, and motion denied. The findings of fact are affirmed. On the afternoon of December 5, 1974, a detective in the New York Police Department received an anonymous telephone call from a man who sounded Hispanic. The caller said that he had overheard a conversation between two Hispanic males who were planning to rob a candy store at a particular address on Clinton Street. The informant further stated that the two men had a yellow Volkswagen bearing New York State license plate number "205 YBY", and that there

were guns in the back of the car. When the officer asked his name, the informant hung up. For the next day and a half, the police officers in the local precinct where the robbery was to take place were told by a bulletin read at roll call and broadcast over the radio, to be on the alert for a yellow Volkswagen bearing license number 205 YBY occupied by a possible armed robbery team. On the morning of December 7, 1974, while on duty in a radio motor patrol car, Police Officer Joseph Dascoli observed a yellow Volkswagen. Recalling the bulletin he had just been read, he and his partner followed the Volkswagen to investigate. When he got close enough to the car to see the license number, he noticed that it was the same as that contained in the bulletin. The officers radioed for assistance, pulled alongside of the Volkswagen and "waved it into the curb". Officer Dascoli walked over to the driver (respondent Charles Hassele) and asked for his license and registration. Charles Hassele got out of the car, gave certain papers to the officer, including a driver's license in the name of Juan Sanchez of Hoboken, New Jersey, and then walked over to the curb. At about that time Police Officer Lewis Mauriello appeared in response to the radio call for assistance. Officer Mauriello observed the yellow Volkswagen and noted that it matched the description read at roll call a few minutes earlier. Mauriello observed Charles Hassele standing at the curb with his hands in his jacket pockets. The officer recalled the police warning that the suspects were armed and thus, in fear of his life, he asked Mr. Hassele to take his hands out of his pockets. Charles Hassele complied and, in so doing, Officer **Mauriello observed him throw a small packet of tin foil to the ground.** After retrieving the packet, the officer examined it and found it to contain a whitish powder which, from experience, he believed to be heroin. After Charles Hassele was arrested for possession of narcotics, the officer walked over to the respondent Carmen Hassele, who was still sitting in the car, informed her that she was coming with them to the police station, and asked her to open her purse so that he might look for weapons. She complied and, inside of the purse, he observed a folding gravity knife. Officer Mauriello retrieved the knife and both respondents were taken to the station house. The Volkswagen was also taken to the precinct, where it was parked and vouchered. During the inventory search of the vehicle, two loaded handguns and three sets of handcuffs were found behind the back seat. Criminal Term, in granting respondents' motion to suppress, reasoned that respondents had been stopped without probable cause and that the subsequent discoveries and seizures of contraband were illegal. The court noted further that "the alleged search of Carmen Hassele's pocketbook was not a consensual search but was an acquiescence to governmental authorities". We agree with the People that Criminal Term erred in applying the standard of "probable cause" to the initial stop of respondents' automobile and, accordingly, that the respondents' motion to suppress should have been denied. The law in New York does not require that the standard of probable cause for an arrest be applied to a merely detentive inquiry by the police (*People v Moore,* 32 NY2d 67). In *Moore,* the Court of Appeals said (p 70), "that since the standard of reasonable suspicion to stop is lower than the standard of probable cause for an arrest, a less stringent standard should apply for screening tips in the stop context". The court then went on to say (p 70) that while not every stop "will support an incidental search for weapons * * * where the stop is for a 'serious or violent crime', we have recognized an immediate and automatic right to search". At bar, the arresting officers were aware of a police bulletin (the conceded basis of which was an anonymous phone call) to be on the alert for a possible armed

Hispanic robbery team in a yellow Volkswagen bearing license plate number 205 YBY. Accordingly, the police had the right to rely on such information for investigative purposes (see *People v Lypka,* 36 NY2d 210). Upon seeing the described vehicle in their precinct shortly after midnight, the police stopped it to investigate. No search was yet made. When one of the officers observed respondent Charles Hassele throw a tin foil packet to the ground, he had every right to retrieve it (see *People v Butterly,* 25 NY2d 159). Upon opening the packet and seeing the whitish powder, which he believed to be heroin, his right to question and investigate ripened into probable cause to arrest respondent Charles Hassele for its possession. Under the circumstances of this case, and a proper arrest having been made, the search of respondent Carmen Hassele's handbag was proper and the gravity knife was properly seized (see *People v Moore,* 32 NY2d 67, *supra*). In *People v Moore (supra),* the concealed weapon was found in a handbag. The Court of Appeals therein noted (p 71), that "with the exigent circumstance of a weapon involved, we think it would be unreasonable to expect the police officer to have questioned the suspect preliminarily or to have engaged in a preparatory and perhaps dangerous, and almost certainly ineffectual, pat-down of the handbag" and that "Under the circumstances, we think the limited intrusion involved in searching the defendant's handbag was reasonable". Following the arrest of both respondents herein, the subsequent impoundment and inventory of their vehicle by the police was lawful, the seizure of the revolvers found was proper and their admission into evidence is permissible (see *People v Robinson,* 36 AD2d 375; *People v Butler,* 44 AD2d 423; cf. *People v Sullivan,* 29 NY2d 69). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.