■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. WASHINGTON, Appellant.—Judgment unanimously reversed, on the law, and the facts, motion to suppress granted, and new trial granted. Memorandum: Defendant appeals from a conviction for criminal possession of stolen property in the second degree, for which he was sentenced as a second felony offender to an indeterminate term of 1½ to 3 years. He contends that the court erred in denying his motion to suppress items of merchandise seized in a warrantless search of an automobile and that the court did not adequately instruct the jury on the element of intent under section 165.45 of the Penal Law. We find no merit to this latter contention. The testimony at the suppression hearing and at the trial relating to the search is substantially the same. State Trooper McGinnis testified that he stopped the automobile in which the defendant was a passenger and charged the driver with passing a stop sign at an intersection. The driver agreed to follow the trooper to the Dansville Police Station to post bail. While at the station the police received a call from an employee of a local store, one Faulds, who gave them the license number of the automobile which was then at the station. Faulds said that four persons were in the store and although he did not see any of them take anything, he thought they might have. At the request of the police, Faulds went to the station and identified the defendant and the others as the persons who had been in the store. He told Trooper McGinnis that one' of the persons had taken a blue suit bag into the store and had left the store with the bag. The defendant and his companions stated that they had purchased a shirt when they were in the store. They showed the shirt to Faulds and he confirmed that the shirt had been paid for. Faulds then said "That isn't what I am concerned with, I am concerned with that * * * zippered bag in the back seat". McGinnis then asked for the bag, unzipped it without asking permission and found two suits and a summer jacket inside the bag. Faulds then identified the merchandise as items from his store and stated that no payment had been made for them. It was stipulated at the suppression hearing that the search of the bag was without the consent of any of the occupants of the automobile. Defendant urges that the court's denial of his suppression motion on the ground that there was probable cause to search the bag was reversible error. We agree with his contention that probable cause must be based solely on what the searching policeman knew when he decided to make the warrantless search. The search cannot be based upon the undisclosed knowledge of Faulds. The situation is analogous to the rule that a Magistrate's decision to issue a search warrant must be reviewed "only in the light of the evidence which the magistrate had before him" at the time of the issue and cannot be bolstered by facts adduced later (People v Hendricks, 25 NY2d 129, 138; People v Nieves, 36 NY2d 396, 402). This rule should apply with greater force to a police officer who does not submit his evidence to a "neutral and detached magistrate" but chooses instead to search without a warrant. It is undisputed that Faulds did not communicate to McGinnis the basis for his belief that stolen goods would be found in the bag. The record reveals only Faulds' reported "suspicion" that the suspects might have taken goods from the store and his unelaborated statement that he was "concerned about" what was in the bag. In the absence of an explanatory statement by Faulds, we conclude that McGinnis possessed only a suspicion of criminal activity which, while sufficient to justify an investigatory stop, did not rise to the level of probable cause and was insufficient to justify the intrusion of a

search of the suspects' belongings *(People v Brown,* 32 NY2d 172, 174; cf., *People v Green,* 35 NY2d 193, 196). The search made by McGinnis upon the information he possessed was unreasonable within the meaning of the Fourth Amendment. (Appeal from judgment of Livingston County Court—criminal possession stolen property, second degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.