■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORWOOD WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered January 27, 1983, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dubin, J.), of the defendant's motion to suppress physical evidence and statements.

Judgment affirmed.

Three plainclothes police officers in an unmarked car observed the defendant leaning on a parked car, holding a rust-colored jacket. As the officers pulled up behind him, but before they had emerged from their car, the defendant either placed the jacket on the bumperguard, as one officer testified, or threw it to the ground and it caught on the bumperguard, according to the other, and walked away quickly. One of the officers went over to the jacket, picked it up, and inside found a plastic bag containing 49 foil packets containing cocaine. Another followed the defendant and upon informing him that cocaine had been found in the jacket, arrested and searched him, recovering a glassine envelope of heroin and six foil packets containing cocaine. The defendant, who was immediately advised of his constitutional rights as required by *Miranda v Arizona* (384 US 436), subsequently made two inculpatory statements.

The only issue on the defendant's motion to suppress the physical evidence and his statements was whether the initial search of the jacket was valid, since the finding of cocaine justified his subsequent arrest and search *(see, People v Materon,* 107 AD2d 408, 415-416; *People v Hassele,* 53 AD2d 699; *People v Thompson,* 50 AD2d 874). Criminal Term correctly concluded that it was, finding that under the circumstances here the jacket had been abandoned *(see, People v Medina,* 107 AD2d 302; *People v Chestnut,* 91 AD2d 981) and was therefore beyond the scope of constitutional protection *(Abel v United States,* 362 US 217, 241, *reh denied* 362 US 984; *People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Prewitt,* 120 AD2d 551). The fact that the defendant may have

placed the jacket on the car rather than thrown it to the ground does not preclude a finding of abandonment *(see, People v Brown,* 40 AD2d 527); nor is it significant that the officers later learned that the defendant owned the car upon which he had been leaning, since the determination of reasonable cause to search must be based on the information known to the officers at the time *(see, People v Washington,* 58 AD2d 971). Furthermore, there is no basis for holding that the abandonment was nullified by illegal police conduct *(see, People v Howard, supra; People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; 1 LaFave, Search and Seizure § 2.6 [b], at 372-374) since the defendant discarded the jacket before the officers confronted him. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.