■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NATHANIEL WADE, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Delin, J.), dated May 1, 1987, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.

On July 31, 1986, at about 11:30 A.M., Police Officer Dennis Sharp was working in plain clothes in an unmarked car and pulled into the parking lot of Centennial Avenue Park in Roosevelt, Long Island. He observed several people in the immediate area and one person, the defendant, standing about 100 feet away. The defendant was seen to stand up and crouch down repeatedly in a short period of time and to be holding a small black change purse. As the officer approached the defendant, someone in the park shouted a phrase which indicated that police were in the area. At that point, the defendant snapped the purse shut and placed it under the side of a rock and walked about 100 feet away from it. Officer Sharp walked to the rock, picked the purse up and, looking inside, found several small plastic vials containing cocaine. A marked police car pulled up to the area and the defendant immediately walked away towards the exit. Officer Sharp walked up to the defendant and placed him under arrest.

We find the seizure to have been proper on the ground of abandonment. The fact that the defendant placed the purse under the side of a rock does not preclude such a finding (see, People v Williams, 123 AD2d 652, 653, lv denied 69 NY2d

718). The actions of the defendant indicated a deliberate intent to divest himself of possession of the purse *(see, People v Brown,* 40 AD2d 527) and were not the result of any illegal or coercive police conduct. Rather, it was an independent act involving a calculated risk that the item would be retrieved *(see, People v Prewitt,* 120 AD2d 551, 552; *People v Ford,* 82 AD2d 923, 924; *see also, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Inasmuch as the purse containing the cocaine had been abandoned by the defendant, that branch of his omnibus motion which was to suppress physical evidence should have been denied *(see, People v Fraumeni,* 108 AD2d 756; *People v Brown, supra).* Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.