■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PEGRAM, Appellant. [595 NYS2d 520] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered January 4, 1991, convicting him of sodomy in the first degree (six counts), sexual abuse in the first degree (ten counts), and endangering the welfare of a child, upon jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in admitting expert testimony as to the psychological and behavorial characteristics typically shared by children who are victims of sexual abuse in a familial setting (see, Matter of Nicole V., 71 NY2d 112; People v Keindl, 68 NY2d 410). Contrary to the contention of the defendant, there is no requirement that an expert witness must examine a victim and render an opinion that the victim suffers from the child abuse syndrome before offering testimony (see, People v Aphaylath, 68 NY2d 945; People v Webb, 177 AD2d 524).

Nor did the trial court err in its Sandoval ruling which permitted the prosecutor to inquire as to the defendant's two

prior convictions *(see, People v Sandoval,* 34 NY2d 371). The ten-year-old convictions were not too remote in time to mandate their preclusion *(People v Salcedo,* 133 AD2d 129; *People v Scott,* 118 AD2d 881). Further, the defendant failed to meet his burden of proving that the prejudice which would have resulted from the admission of his prior convictions outweighed their probative value on the assessment of his credibility *(see, People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861).

Nor were counts 13 through 16 of the indictment defective pursuant to CPL 210.25. These counts provided the defendant with sufficient information regarding the nature of the charges and the conduct underlying the charges to allow him to prepare a defense *(see, People v Morris,* 61 NY2d 290; *People v Iannone,* 45 NY2d 589). Further, the two-month time interval set forth in these counts was not so excessive as to be unreasonable under the circumstances of this case *(see, People v Watt,* 81 NY2d 772; *People v Vogt,* 172 AD2d 864; *People v Barrett,* 166 AD2d 657; *People v Corrado,* 161 AD2d 658).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.