■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO RAMSEY, Appellant. [633 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 7, 1994, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not improvidently exercise its discretion by ruling that, should the defendant choose to testify, the prosecutor would be permitted to cross examine him regarding four prior convictions. The defendant's argument that the convictions were too remote to be probative is not convincing. The remoteness of a conviction does not mandate its preclusion *(see, People v Scott,* 118 AD2d 881; *People v Simmons,* 213 AD2d 433 ), and two of the convictions involved crimes of dishonesty and were highly probative of the defendant's credibility *(see, People v Sandoval,* 34 NY2d 371). The defendant also failed to prove that the prejudicial effect of the admission of the other two convictions would outweigh their probative value, especially since the trial court limited the scope of cross examination *(see, People v Sandoval, supra).*

We also reject the defendant's claim that reversible error occurred due to the prosecutor's remarks during summation. The defendant did not preserve this claim for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, the comments made by the prosecutor were either proper respon-

ses to the defense counsel's summation, which raised the issue of the prosecution witnesses' credibility *(see, People v Torres,* 121 AD2d 663; *People v Oakley,* 114 AD2d 473), or were not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.