■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PETERSON, Appellant. [693 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 30, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant effectively waived his right to be present at

material stages of his *Sandoval* hearing and trial (*see, People v Antommarchi,* 80 NY2d 247; *People v Dokes,* 79 NY2d 656), by refusing to attend portions of the *Sandoval* hearing and jury selection despite the court's advice (*see, People v Spotford,* 85 NY2d 593; *People v Epps,* 37 NY2d 343).

Contrary to the defendant's contention, the *Sandoval* ruling reflected a proper balancing between the prejudicial effect of his prior convictions and bad acts and their probative value on the issue of his credibility. The defendant's prior robbery conviction was probative of his credibility and his willingness to place his interests above those of society (*see, People v Sandoval,* 34 NY2d 371, 377). Further, the robbery conviction was not so remote in time considering the defendant's lengthy period of incarceration in the ensuing years (*see, People v Maurer,* 186 AD2d 228).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Also unavailing is the defendant's contention that the verdict acquitting him of intentional murder was repugnant to his conviction of depraved indifference murder and criminal possession of a weapon, as the elements of intentional murder are not conclusive as to the elements of the crimes for which he was convicted (*see,* Penal Law § 125.25 [1], [2]; § 265.03). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.