■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PEANA, Appellant. [693 NYS2d 613] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered October 23, 1996, convicting him of insurance fraud in the third degree (two counts), grand larceny in the third degree, and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by ruling that, should the defendant choose to testify, the prosecutor would be permitted to cross-examine him regarding two prior convictions. The defendant's argument that one of the convictions was too remote to be probative is not convincing, as the remoteness of a conviction does not mandate its preclusion (*see, People v Ramsey,* 220 AD2d 697; *People v Williams,* 213 AD2d 689; *People v Pegram,* 191 AD2d 719; *People v King,* 187 AD2d 612). In addition, the defendant failed to prove that the prejudicial effect of the admission of the two convictions would outweigh their probative value, especially since the trial court limited the scope of cross-examination (*see, People v Ramsey, supra; People v Pegram, supra*).

In addition, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence, which was well within the statutory sentencing guidelines, was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.