■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN DAVIS, Appellant. [749 NYS2d 284] —Appeal by the defen-

dant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 26, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) was a provident exercise of discretion. The defendant's three prior felony convictions for robbery and weapon possession offenses demonstrated his willingness to place his interests above those of society (*see People v Greer,* 42 NY2d 170, 176; *People v Peterson,* 262 AD2d 502, 503). Neither their similarity to the instant charges (*see People v Pavao,* 59 NY2d 282, 283; *People v Sorge,* 301 NY 198, 200; *People v Moss,* 282 AD2d 475; *People v Knight,* 282 AD2d 760, 761; *People v Waltower,* 270 AD2d 435), nor their alleged remoteness (*see People v Peterson,* 262 AD2d 502, 503; *People v Ramsey,* 220 AD2d 697), mandated their preclusion.

The County Court also providently exercised its discretion in denying the defendant's request for an adjournment to retain new counsel almost a year after the indictment was filed and in the midst of jury selection (*see People v Arroyave,* 49 NY2d 264, 271; *People v Carver,* 184 AD2d 777, 778; *People v Gloster,* 175 AD2d 258, 259; *People v Williams,* 167 AD2d 491, 492).

Although the defense counsel repeatedly objected to the adjournments granted to the People to secure the presence of four civilian witnesses, he raised only conclusory grounds for the objections and failed to raise the argument he now raises on appeal, that the adjournments caused the sole male black juror to be excused. As such, the defendant's claims in this regard are unpreserved for appellate review (*see* CPL 470.05 [2]; *see generally Matter of Eugene S.,* 200 AD2d 574, 575; *People v Ramsey,* 220 AD2d 697). In any event, since the People demonstrated their efforts to secure the presence of the civilian witnesses, their lack of neglect in failing to secure the presence of those witnesses, and the likelihood that the two primary witnesses would soon be found (*see People v Foy,* 32 NY2d 473, 476), the County Court providently exercised its discretion in granting the adjournments (*see People v Singleton,* 41 NY2d 402, 405; *People v Venable,* 154 AD2d 722, 723; *People v Hernandez,* 146 AD2d 646, 647; *People v Price,* 144 AD2d 854, 856).

Likewise, the County Court correctly denied the defendant's untimely request, after both parties had rested, for a missing witness charge (*see People v Bowman,* 270 AD2d 355, 356;

*People v France,* 265 AD2d 424; *People v Asphill,* 208 AD2d 550, 551; *People v Woodford,* 200 AD2d 644; *People v Catoe,* 181 AD2d 905). The defendant failed to establish that the two witnesses the People did not call would have testified favorably to them (*see People v Gonzalez,* 68 NY2d 424, 427; *see also People v Vasquez,* 76 NY2d 722; *People v Brunson,* 270 AD2d 133, 134; *People v Miles,* 161 AD2d 805), or that they were available, under the People's control, or would offer noncumulative testimony (*see People v Gonzalez, supra* at 428; *People v Odom,* 278 AD2d 344; *People v Porter,* 268 AD2d 538).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Even assuming that the sole eyewitness to the fatal shooting was an accomplice, his testimony was sufficiently corroborated by the forensic, blood, medical, and ballistic evidence (*see People v Breland,* 83 NY2d 286, 292-293). The inconsistencies in his testimony and his criminal history were insufficient to render his testimony incredible as a matter of law, and merely raised credibility issues (*see People v Hines,* 218 AD2d 709; *People v Stackhouse,* 201 AD2d 686, 687; *People v Taylor,* 177 AD2d 727, 728; *see generally People v Jackson,* 65 NY2d 265, 270). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.