Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered May 19, 2014. The judgment convicted defendant, upon a jury verdict, of falsifying business records in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of falsifying business records in the first degree (Penal Law § 175.10). We reject defendant’s contention that Supreme Court erred in failing to give the jury a missing witness charge with respect to defendant’s ex-boyfriend (see generally People v Kitching, 78 NY2d 532, 536-537 [1991]). Defendant’s request for the charge “was untimely because it was not made until both parties had rested, rather than at the close of the People’s proof, when defendant became ‘aware that the witness would not testify’ ” (People v Williams, 94 AD3d 1555, 1556 [4th Dept 2012], quoting People v Hayes, 261 AD2d 872, 873 [4th Dept 1999], lv denied 93 NY2d 1019 [1999]). In any event, we conclude that defendant failed to demonstrate that the witness was expected to give noncumulative testimony (see DeVito v Feliciano, 22 NY3d 159, 165-166 [2013]).
 

 We reject defendant’s further contention that she was denied a fair trial on the ground that the court failed to issue a blanket ruling prohibiting trial spectators from wearing firefighter uniforms and other firefighter attire. The court’s ruling permitted no more than 10 spectators in uniform in the courtroom and no more than three such spectators seated together. We conclude that the court’s ruling constituted a fair resolution of a decorum issue, did not deny defendant her right to a fair trial, and was not an abuse of discretion (see People v Nelson, 27 NY3d 361, 370 [2016]).
 

 Finally, we reject defendant’s contention that the court abused its discretion in admitting certain text message conversations between defendant and three other people. It is well settled that a trial court has wide latitude to admit or preclude evidence after weighing its probative value against any danger of confusing the main issues, unfairly prejudicing the other side, or being cumulative (see People v Halter, 19 NY3d 1046, 1051 [2012]; People v Petty, 7 NY3d 277, 286 [2006]). We perceive no reason to disturb the court’s determination that the probative value of the text messages outweighed any such danger.
 

 Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.