People v Aguilar (2020 NY Slip Op 51607(U))

[*1]

People v Aguilar (Walter)

2020 NY Slip Op 51607(U) [71 Misc 3d 126(A)]

Decided on November 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-2180 RI CR

The People of the State of New York,
Respondent, 
against
Walter Aguilar, Appellant. 

Feldman and Feldman (Steven A. Feldman and Arza Fledman of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered October 6, 2017. The judgment convicted defendant, upon a jury
verdict, of driving while ability impaired, and imposed sentence. The appeal brings up for review
so much of an order of that court (Raymond L. Rodriguez, J.) dated July 28, 2017 as denied the
branch of defendant's motion seeking suppression on the ground that the police had no
reasonable suspicion to stop his vehicle.

ORDERED that the judgment of conviction is affirmed.
In March 2016, defendant was charged with common-law driving while intoxicated (Vehicle
and Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law
§ 1192 [1]). A combined pretrial hearing was subsequently held, after which the Criminal
Court found, among other things, that the police officer had "a lawful basis to approach the
defendant's vehicle." Following a jury trial, defendant was acquitted of common-law driving
while intoxicated and convicted of driving while ability impaired. On appeal, defendant contends
that the police did not have reasonable suspicion to stop his vehicle; that reversible error was
committed when the Criminal Court declined to take judicial notice of the lack of a minimum
speed limit; and that he was denied a fair trial because the Criminal Court denied his attorney's
request for a missing witness charge.
Contrary to defendant's contention, this case does not involve a traffic stop, as it is
uncontroverted that defendant, on his own volition, had parked and stopped his vehicle before the
police officer approached the vehicle. As such, the officer "needed only [an] articulable basis to
approach [the] parked car and request information" (People v Spencer, 84 NY2d 749, 753
[1995], citing People v Harrison, 57 NY2d 470 [1982]). An articulable basis "is supplied
by an [*2]objective, credible reason not necessarily indicative of
criminality" (People v Ocasio, 85 NY2d 982, 985 [1995]).
At the hearing, the police officer testified that, at about 3:20 or 3:30 a.m., he had observed
defendant's vehicle, which was about a car's length in front of his police vehicle, proceeding very
slowly, at about five miles per hour, east on Bay Street which consisted of one eastbound lane
and one westbound lane. After driving his police vehicle behind defendant's vehicle for about 40
seconds, the officer observed defendant park his vehicle across a driveway with the vehicle's
passenger's side wheels on the sidewalk/driveway and its driver's side wheels in the street, which
blocked the driveway and a bike path. The officer also testified that, due to the slow speed of
defendant's vehicle, four to five cars were lined up behind his police vehicle as they attempted to
proceed east on Bay Street. Because of the way defendant's vehicle was parked, the eastbound
traffic had to go into the westbound lane in order to pass defendant's vehicle. We find the
foregoing circumstances met the articulable basis standard and that the officer's subsequent
request for defendant's driver's license, insurance and registration was a proper, basic,
nonthreatening question regarding, for example, identity (see id.; People v
Hollman, 79 NY2d 181, 185 [1992]).
Defendant also contends that the Criminal Court committed reversible error when it declined
to take judicial notice that Bay Street has no minimum speed limit, since the police officer had
erroneously testified that Bay Street has a 25 miles per hour minimum speed limit, and that the
court's curative instruction to the jury did not ameliorate the harm. We find that the Criminal
Court's instruction to the jury to "disregard any testimony by [the] Police Officer . . . relating to a
minimum speed limit on the road where the defendant was pulled over" was sufficient to
ameliorate any prejudice and to ensure that defendant received a fair trial (see People v
Ferguson, 82 NY2d 837, 838 [1993]; People v Tebout, 179 AD3d 1099 [2020];
People v Murphy, 168 AD3d 880 [2019]), and the jury is presumed to have followed the
court's instruction (see People v Hunt, 172 AD3d 1888, 1890 [2019]; People v
Murphy, 168 AD3d at 881).
Furthermore, we find no merit to defendant's contention that the Criminal Court erred in
denying his attorney's request for a missing witness charge with respect to the People's failure to
call the police officer's partner as a witness (see generally People v Kitching, 78 NY2d
532, 536-537 [1991]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]). Defendant's
request for such a charge was untimely since it was made after each side had rested, rather than at
the close of the People's case, when his trial attorney was aware that the partner would not testify
(see People v Nguyen, 156 AD3d 1461, 1462 [2017]; People v Williams, 94
AD3d 1555, 1556 [2012]; People v Davis, 299 AD2d 420, 421-422 [2002]). In any event,
defendant failed to demonstrate that the partner's testimony would have been noncumulative
(see People v Nguyen, 156 AD3d at 1462; People v Davis, 299 AD2d at
422).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 27, 2020