■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN CANNON, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J.), rendered January 26, 1988, upon a jury's verdict, convicting defendant of two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45), for which she was sentenced to two concurrent terms of 1½ to 3 years, as a second felony offender, unanimously affirmed. Defendant in this case was convicted for the possession of two stolen credit cards. The evidence of guilt was overwhelming. After a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371), the court precluded inquiry as to 16 of 24 convictions. The remaining convictions were theft related. The court found these convictions relevant to defendant's credibility as a witness, balanced their probative

value against their potential prejudicial impact, and permitted inquiry into the conviction and underlying facts as to all but one conviction. As to that conviction, for criminal trespass, inquiry into the companion charges or its underlying facts was precluded. We have examined defendant's contentions, and conclude that with respect to the convictions allowed into evidence, the hearing court did not abuse its discretion as to its findings of relevancy, in its balancing of probativeness and prejudicial impact, nor in its permitting inquiry into their underlying facts. Nor is defendant persuasive that the *Sandoval* ruling precluded her from putting in an effective defense. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.