■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN C. HAREWOOD, Appellant. [614 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered January 3, 1990, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated June 15, 1992, this Court remitted the matter to the Supreme Court, Westchester County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim *(People v Harewood,* 184 AD2d 657). The Supreme Court, Westchester County, has now complied.

Ordered that Justice Balletta has been substituted for former Justice Eiber *(see,* 22 NYCRR 670.1 [c]); and it is further,

Ordered that the judgment is affirmed.

The evidence elicited at the suppression hearing established that in mid-January 1989, as part of a narcotics investigation, a confidential informant introduced undercover officer Boyle to the defendant, whom the informant identified as "K.C." Later, after a brief conversation with the defendant, the informant advised the officer that K.C.'s first name was "Calvin", and he provided Boyle with a beeper number to contact the defendant. Boyle obtained the license plate number of the vehicle driven by the defendant. An inquiry made by Boyle that same day with the Department of Motor Vehicles revealed that the vehicle was registered to Calvin or Kelvin C. Harewood.

On February 13, 1989, Boyle contacted the defendant using the beeper number and arranged to meet the defendant at a particular location in order to purchase cocaine. Later that day, Boyle waited in his vehicle at the location and recognized the defendant when he approached on foot. The defendant got into the vehicle, and Boyle purchased three packets of cocaine. When the defendant spoke, Boyle recognized his voice by his Jamaican accent. On February 17, 1989, Boyle arranged another purchase of cocaine from the defendant over the tele-

phone. When he arrived at the pre-arranged location, the defendant motioned to him to join him in his car, and Boyle purchased three vials of cocaine.

Using the name and date of birth provided by the Department of Motor Vehicles, a sergeant involved in the investigation obtained mugshots of the defendant from a previous arrest. On February 21, 1989, the sergeant showed Boyle two mugshots of the defendant, and Boyle identified him as the person from whom he had purchased cocaine.

We find that the evidence supports the hearing court's determination that Boyle's identification of the defendant on February 21, 1989, was confirmatory (see, People v Rodriguez, 79 NY2d 445; People v Freeman, 176 AD2d 1090; cf., People v Waring, 183 AD2d 271). The officer had three face-to-face meetings with the defendant in approximately one month and had several conversations with him over the telephone. The meetings were part of an ongoing undercover operation, so that the officer's attention was focused on identifying characteristics, and the officer viewed the mugshots only four days after his third meeting with the defendant. Moreover, the officer knew the seller's first name and the license plate number of the vehicle he drove prior to viewing the mugshots.

We have not considered the hearing court's alternative finding that there was an independent source for an in-court identification as that issue was not properly before the court in this posttrial hearing (see, People v Burts, 78 NY2d 20).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, we find that the court's Sandoval ruling (People v Sandoval, 34 NY2d 371) constituted a proper exercise of its discretion and did not deprive the defendant of the right to testify in his own behalf.

We are satisfied that the defendant received meaningful representation at trial (see, People v Baldi, 54 NY2d 137) and was not denied the effective assistance of counsel.

The sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Lawrence, O'Brien and Copertino, JJ., concur.