■ The People of the State of New York, Respondent, v Henry Bowman, Appellant. [622 NYS2d 22] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered June 23, 1992, convicting defendant after a jury trial of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Anti-crime officers had followed defendant for some two hours over the distance of a few blocks, as he looked into and tried to open parked cars and vans. They observed the defendant open one van, enter it, and exit carrying shopping bags, after which defendant was apprehended and arrested. Defendant blurted out "I must have seen you guys 99 times. I thought you went home by now." On the way to the precinct, in response to defendant's inquiry, when an officer indicated that defendant would be charged with burglary, defendant blurted out, "You can't charge me with burglary, that's not a commercial vehicle."

The substance of the statements was disclosed to defendant in the People's voluntary disclosure form. At the pre-trial hearing and subsequently at trial, an officer provided a consistent, but slightly different, version of the statement. To the extent that defendant claims a violation of statement notice under CPL 710.30, by moving to suppress, receiving a hearing, and having his motion denied, defendant waived any challenge under the notice statute (CPL 710.30 [3]). In any event, since the notice statute only requires that the substance of the

statement be disclosed *(People v Bennett,* 56 NY2d 837), the notice given in this case would have been sufficient *(People v Martinez,* 203 AD2d 212).

Reversal is not mandated in this case on the basis of late disclosure of the police officer's memo book entries. A memo book entry memorializing a prior statement had been recorded only shortly prior to trial; the statement itself had been disclosed substantially before trial, and was subject to cross-examination at the hearing, so there is no credible claim of non-disclosure concerning the substance of the statement. Since the fact that the statement was now recorded in the officer's book was disclosed at a time when it could have been useful to the defense *(People v Goins,* 73 NY2d 989) defendant suffered no substantial prejudice *(People v Banch,* 80 NY2d 610, 617). Further, the court provided a continuance over the weekend, permitting counsel ample time to review the recorded statement, and granted counsel broad leeway to construct a theory of recent fabrication. The court did not err by denying defendant's request for a specific adverse inference instruction, which would have required the jury to presume that the reported statement had been recently fabricated.

Finally, we find no error in the court's *Sandoval* ruling. Inquiry was permitted into a relatively small number of defendant's prior convictions, and inquiry was generally precluded as to the underlying facts of his convictions. To the extent that certain of these convictions were theft-related, that information was relevant to defendant's credibility *(People v Sandoval,* 34 NY2d 371, 377; *People v Cannon,* 155 AD2d 280, *lv denied* 75 NY2d 768) and could be used despite some similarity with the present charges *(People v Mingues,* 165 AD2d 774, *lv denied* 76 NY2d 988).

We have considered defendant's *pro se* contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ.