■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PENDER, Also Known as PETER BOYKIN, Appellant. [633 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 8, 1992, convicting him of burglary in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's ruling permitting the prosecutor to cross-examine the defendant regarding his 1989 convictions for grand larceny in the fourth degree and attempted robbery in the second degree was not an improvident exercise of discretion. The mere fact that a defendant's prior crimes are similar or even identical to a crime presently charged does not automatically preclude their use for impeachment purposes on cross-examination *(see, People v Ardila,* 202 AD2d 514, *affd* 85 NY2d 846; *People v Bowman,* 211 AD2d 590; *People v Coates,* 166 AD2d 389; *People v Mingues,* 165 AD2d 774; *People v McAleavey,* 159 AD2d 646; *People v Torres,* 110 AD2d 794). Moreover, the prior offenses were "indicative of his willingness to place his * * * interests above those of society and his possible willingness to do so again on the witness stand" and therefore were relevant to the issue of the defendant's credibility *(People v Ardila, supra,* at 514; *see also, People v Sandoval,* 34 NY2d 371, 377; *People v Bowman, supra,* at 591; *People v Lynch,* 209 AD2d 827).

The prosecutor's comments during summation do not warrant reversal. The trial court's prompt curative instructions mitigated any prejudice resulting to the defendant *(see, People v Berg,* 59 NY2d 294; *People v Arce,* 42 NY2d 179).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Johnson,* 161 AD2d 732; *People v Brown,* 81 NY2d 798). Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.