■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX SOKOLOV, Appellant. [667 NYS2d 263] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Thomas, J.), both rendered June 14, 1995, convicting him (1) under Indictment No. 2907/93 of robbery in the first degree, robbery in the second degree, burglary in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence, and (2) under Indictment No. 2780/93 of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the trial court's *Sandoval* ruling was proper. The fact that a defendant may specialize in one type of criminal activity should not shield him from impeachment by use of his prior convictions (*see, People v Walker,* 83 NY2d 455, 459; *People v Mattiace,* 77 NY2d 269, 274-275; *People v Pavao,* 59 NY2d 282; *People v McClam,* 225 AD2d 799).

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of the crimes of robbery in the first and second degrees and burglary in the first and second degrees is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Despite the fact that the defendant wore a mask, the complainant briefly observed the entire right side of his face, and for 15 minutes, heard his voice, and observed his build, the way he walked, and his height, under good lighting conditions. Given the facts of this case, a rational trier of fact could have found that the People proved the defendant's identity as the perpetrator beyond a reasonable doubt (*see, People v Rodriguez,* 192 AD2d 731). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.