■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGILIO MOLLO, Appellant. [711 NYS2d 738] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered January 29, 1999, convicting him of burglary in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The showup procedure utilized in this case was not impermissibly suggestive, since "the record discloses that [it] was conducted in close spatial and temporal proximity to the offense and to the subsequent apprehension of the defendant" (*People v Sanchez,* 178 AD2d 567, 568; see also, *People v Bunker,* 259 AD2d 757).

The Supreme Court providently exercised its discretion in permitting the prosecutor to impeach the defendant's credibility by questioning him about his prior convictions, while prohibiting any questioning about the facts underlying these convictions (see, *People v Ricks,* 135 AD2d 844). Use of prior convictions for impeachment purposes is not automatically precluded because the crimes charged are similar to the prior convictions (see, *People v McBride,* 255 AD2d 459), or because the prior convictions are remote in time (see, *People v Walker,* 83 NY2d 455).

Viewing the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was

legally sufficient to establish beyond a reasonable doubt that the defendant knew that he unlawfully entered the building (*see, Matter of Ryan R.*, 254 AD2d 49) while harboring an intent to commit a crime therein (*see, People v Murray,* 168 AD2d 573). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.