■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [801 NYS2d 65]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered April 28, 2003,

convicting him of criminal possession of a controlled substance in the third degree (two counts), unlawfully operating or driving a motor vehicle on a public highway in violation of Vehicle and Traffic Law § 509 (1), making an improper turn in violation of Vehicle and Traffic Law § 1163 (a), and operating a motor vehicle without safety belts in violation of Vehicle and Traffic Law § 1229-c, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 374-375 [1974]) was a provident exercise of its discretion. The court struck an appropriate balance between the probative value of allowing inquiry about certain of the defendant's prior convictions and his use of aliases against the potential prejudice to him (*see People v Springer*, 13 AD3d 657, 658 [2004]; *People v Sobers*, 272 AD2d 418 [2000]; *People v Taylor*, 253 AD2d 471 [1998]; *People v Turner*, 239 AD2d 447 [1997]). The fact that the defendant may have been the only possible source of testimony for his defense increased the importance of his credibility as well as the importance of his testimony, and did not mandate a ruling prohibiting inquiry about his prior conduct (*see People v Hayes*, 97 NY2d 203, 208 [2002]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.