THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McLAURIN, Appellant. [826 NYS2d 279]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered December 11, 2002, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly permitted the prosecution to cross-examine the defendant, if he testified, as to the existence of, and facts underlying, his 1988 felony convictions of burglary in the first degree and kidnapping in the second degree. There is no per se rule requiring preclusion of a conviction for impeachment

purposes because the conviction is remote in time (*see People v Walker*, 83 NY2d 455, 459 [1994]; *People v Mollo*, 273 AD2d 481 [2000]). This is particularly true where the crime involves dishonesty and has great relevance to a defendant's veracity and willingness to place his or her own self-interest over that of society (*see People v Rockwell*, 18 AD3d 969 [2005]; *People v Davis*, 299 AD2d 420 [2002]). The court properly weighed the probative value of the defendant's prior conviction against its potential prejudicial effect (*see People v Williams*, 292 AD2d 474 [2002]). The prior convictions demonstrated his willingness to place his own interests above those of society and would therefore be relevant on the issue of his credibility on the witness stand. Considering the length of the defendant's incarceration as a result of his 1988 convictions (seven years), the convictions were not so remote in time as to mandate preclusion (*see People v Mack*, 6 AD3d 551 [2004]). The fact that the defendant was the only witness for the defense increased the importance of his credibility and his testimony, and did not mandate a ruling prohibiting inquiry into the 1988 convictions (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Cruz*, 21 AD3d 967 [2005]).

The defendant contends that the testimony of the complainant and the police officers who responded to the scene was not credible. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Wells*, 18 AD3d 482 [2005]; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.