■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DANCY, Appellant. [843 NYS2d 39]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 7, 2003, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant did not preserve his claim that the court should have required the prosecutor to provide race-neutral explanations for challenges to additional panelists (*see People v James*, 99 NY2d 264 [2002]), and we decline to review it in the interest of justice.

The court properly declined to provide a circumstantial evidence charge, since defendant's guilt was established, in part, by direct evidence (*see People v Daddona*, 81 NY2d 990 [1993]; *People v Cedeno*, 175 AD2d 767 [1991], *lv denied* 79 NY2d 854 [1992]). Even if we were to find that the court should have delivered a circumstantial evidence charge, its absence was harmless because the evidence "was overwhelming and there simply is no reasonable possibility, let alone significant probability that the jury would have acquitted here if the circumstantial evidence charge had been given" (*People v Brian*, 84 NY2d 887, 889 [1994]). Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.