■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY GARCIA, Also Known as JASON DELEON, Also Known as JACOB GUEREO, Appellant. [847 NYS2d 147]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered December 11, 2002, convicting him of attempted rape in the first degree, attempted rape in the second degree, criminal use of a firearm in the second degree, unlawful imprisonment in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d at 644-645).

Contrary to the defendant's contention, the hearing court's

*Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) constituted a provident exercise of its discretion. The fact that the defendant may have been the only possible source of testimony for his defense increased the importance of his credibility and his testimony, and did not mandate a ruling prohibiting inquiry about his prior conduct (*see People v Cruz,* 21 AD3d 967, 968 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.