■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ORR, Appellant. [902 NYS2d 513]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered December 22, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of three years, unanimously affirmed.

Defendant argues that although his application under *Batson v Kentucky* (476 US 79 [1986]) applied to four panelists from the first round of jury selection as well as two panelists from the second, the prosecutor only gave reasons for peremptorily challenging the latter two. Defendant failed to preserve this claim (*see People v James*, 99 NY2d 264, 271 [2002]; *People v Dancy*, 44 AD3d 331, 331 [2007], *lv denied* 9 NY3d 1005 [2007]), and we decline to review it in the interest of justice. Regardless of whether defendant had included all six panelists in his *Batson* application, when the prosecutor only addressed two of them, it was incumbent on defendant to call this to the court's attention "at a time when the error complained of could readily have been corrected" (*People v Robinson*, 36 NY2d 224, 228 [1975]).

Defendant also failed to preserve his claim that the court, in ruling on the prosecutor's explanations for challenging the second-round panelists at issue, did not make a sufficient finding that it credited these explanations as nonpretextual, and we

likewise decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, because the court expressly stated that the reasons were nonpretextual.

We reject defendant's claim that the prosecutor's stated reason for challenging one of these panelists was pretextual. The record supports the court's finding to the contrary, a credibility determination that is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]).

The court properly denied defendant's subsequent *Batson* application relating to an additional peremptory challenge by the prosecutor. The court had already found the absence of discrimination, and defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (*Johnson v California*, 545 US 162, 170 [2005]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.