■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HARRIS, Appellant. [902 NYS2d 190]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 31, 2007, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior robbery convictions so outweighed the probative worth of that evidence that exclusion was warranted (*see People v Sandoval*, 34 NY2d at 378; *People v Springer*, 13 AD3d 657, 658 [2004]). "Convictions involving theft, such as robbery, are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his [or her] self-interest at the expense of society" (*People v Creel*, 215 AD2d 577, 578 [1995]; *see People v Torres*, 12 AD3d 539, 540 [2004]; *People v Telesford*, 2 AD3d 757, 757 [2003]). Moreover, the mere fact that the prior crimes were similar or even identical in nature to the instant of-

fenses did not warrant their preclusion (*see People v White*, 60 AD3d 1095, 1096 [2009]; *People v Fotiou*, 39 AD3d 877, 878 [2007]), and the defendant is not shielded from impeachment because he chose to specialize in one type of criminal activity (*see People v Springer*, 13 AD3d at 657; *People v Sokolov*, 245 AD2d 317, 318 [1997]).

The defendant argues that the trial court improvidently exercised its discretion in denying that branch of his motion which was to introduce expert testimony on the effects of extreme stress on the accuracy of eyewitness identification. "As a general rule, the admissibility . . . of expert testimony lie[s] primarily in the sound discretion of the trial court [and] '[i]t is for the trial court . . . to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness' " (*People v Lee*, 96 NY2d 157, 162 [2001], quoting *People v Cronin*, 60 NY2d 430, 433 [1983]). More recently, in *People v LeGrand* (8 NY3d 449, 452 [2007]), the Court of Appeals held that "where the case turns on the accuracy of eyewitness identifications and there is little or no corroborating evidence connecting the defendant to the crime, it is an abuse of discretion for a trial court to exclude expert testimony on the reliability of eyewitness identifications if that testimony is (1) relevant to the witness's identification of defendant, (2) based on principles that are generally accepted within the relevant scientific community, (3) proffered by a qualified expert and (4) on a topic beyond the ken of the average juror."

In this case, the trial court granted the defendant's motion to the extent of allowing expert testimony on the effects of cross-racial identification, exposure duration, and a lineup administrator's knowledge of the suspect's identity on eyewitness identification reliability, despite noting that the defendant's moving papers lacked a proper foundation for the requested relief. To the extent that the trial court limited the expert testimony regarding the effects of extreme stress on the accuracy of eyewitness identification (*see People v Lee*, 96 NY2d at 162), the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

With respect to certain remarks made by the prosecutor during his summation and objected to by defense counsel, any prejudice to the defendant was cured by the trial court's sustaining of those objections (*see People v Lewis*, 72 AD3d 705 [2010]; *see generally People v Arce*, 42 NY2d 179, 187 [1977]). With respect to the remaining prosecutorial remarks challenged by the de-

fendant, his contentions are unpreserved for appellate review because he failed to raise any objection to those remarks (*see People v Siriani*, 27 AD3d 670 [2006]; *People v Martinez*, 17 AD3d 484, 485 [2005]). In any event, those remarks constituted fair comment on the evidence adduced at trial or a fair response to defense counsel's summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]; *People v Diaz*, 59 AD3d 459, 459-460 [2009]; *People v Lawson*, 40 AD3d 657, 658 [2007]). Since those remarks were not improper, defense counsel's failure to raise specific objections to them could not have deprived the defendant of meaningful representation (*see People v Friel*, 53 AD3d 667, 668 [2008]; *People v Rose*, 47 AD3d 848, 849 [2008]).

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.