THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL GARRIS, Appellant. [952 NYS2d 634]—

The complainant testified that he was delivering a pizza on February 8, 2009, at about 10:00 p.m., to a house in Far Rockaway. The complainant observed a man standing outside that house, speaking on a cell phone. The man waved to the complainant, in response to which the complainant parked his car and got out to deliver the pizza. As the complainant handed the pizza and some sodas to the man, another man came up behind the complainant, put a gun to his neck, and demanded all of his money. The complainant handed over his wallet and some money in his pocket, totaling a little over $400. The police arrested the defendant several days later, finding him in a house along with a BB gun that the complainant later identified as the gun used in the robbery, and a pizza box bearing the telephone number used to order the pizza that the complainant was delivering when the robbery occurred.

The complainant identified the defendant in a lineup several days later as the man who held the gun to his neck. At trial, the prosecutor asked the complainant how he recognized the defendant, given that the assailant had part of his face covered during the robbery. The complainant responded that he recognized the defendant from his eyes and his dark complexion.

The jury convicted the defendant of robbery in the second degree and criminal possession of a weapon in the third degree. The defendant appeals.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel because his trial attorney did not move to reopen a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) and seek to suppress the lineup identification upon hearing the complainant's testimony that he identified the defendant in part because of his dark complexion. "A lawyer is not ineffective for failing to make a motion that is unlikely to succeed" (*People v Ennis*, 41 AD3d 271, 274 [2007], *affd* 11 NY3d 403 [2008], *cert denied* 556 US 1240 [2009]). "Skin tone is only one of the factors to be considered in deciding 'reasonable similarity' and differences in skin tone alone will not render a lineup unduly suggestive" (*People v Pointer*, 253 AD2d 500, 500 [1998] [citations omitted]).

In fulfilling our responsibility to conduct an independent

review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant further contends that the Supreme Court erroneously failed to require the People to provide race-neutral explanations for their peremptory challenges to certain jurors during the first round of voir dire, after the court denied a challenge to the prosecutor's use of peremptory challenges in the second round (*see Batson v Kentucky*, 476 US 79 [1986]). This contention is unpreserved for appellate review. In the first instance, defense counsel never requested explanations for any of the five peremptory challenges exercised by the prosecution during the first round (*see* CPL 470.05 [2]; *People v Lugo*, 69 AD3d 654 [2010]), including those challenges referable to two of the first-round panelists that defense counsel later alleged were based on race. Second, defense counsel also made *Batson* objections to three peremptory challenges exercised by the prosecution during the second round of voir dire, and the prosecutor responded only to one of those objections, without a further request by defense counsel to provide race-neutral explanations for the other second-round challenges. Even if the defendant had made timely *Batson* objections to all five of the prosecutor's peremptory challenges, once the prosecutor addressed one of them, it was incumbent on the defendant to call the court's attention to fact that the prosecutor failed to provide race-neutral explanations with respect to the remaining four challenges (*see People v Orr*, 73 AD3d 596 [2010]). The defendant's failure to do so rendered his objections unpreserved for appellate review. Moreover, with respect to the one panelist for whom the prosecutor nonetheless provided a race-neutral explanation for the peremptory challenge, the court properly accepted the prosecutor's explanation and denied the defendant's *Batson* objection (*see generally People v Hall*, 53 AD3d 552, 554 [2008]). Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.