■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ROSADO, Appellant. [982 NYS2d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 25, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The defendant failed to meet his burden of demonstrating that the prejudicial effect of admitting evidence regarding his prior convictions so outweighed the probative worth of that evidence that exclusion was warranted (*see id.* at 378; *People v Harris*, 74 AD3d 984, 984-985 [2010]). The prior offenses bore directly upon the defendant's veracity and willingness to place his interests above those of society (*see People v Fotiou*, 39 AD3d 877, 878 [2007]; *People v McLaurin*, 33 AD3d 819 [2006]). The mere fact that the prior convictions into which inquiry was permitted were similar or even identical in nature to the instant offenses did not warrant their preclusion (*see People v Dahlbender*, 23 AD3d 493, 494 [2005]; *People v Pender*, 221 AD2d 573 [1995]; *People v Torres*, 110 AD2d 794, 795 [1985]). By precluding the prosecutor from eliciting the underlying facts of the defendant's convictions, the Supreme Court avoided any undue prejudice to the defendant (*see People v Thompson*, 99 AD3d 819 [2012]; *People v Myron*, 28 AD3d 681, 683 [2006], *cert denied* 549 US 1326 [2007]). Moreover, the fact that one of the convictions was remote does not, in and of itself, require preclusion of that conviction for impeachment purposes (*see People v Fotiou*, 39 AD3d at 878; *People v Myron*, 28 AD3d at 683).

The defendant waived his contention regarding the Supreme Court's participation in reading back certain trial testimony by expressly consenting, beforehand, to the use of that procedure (*cf. People v Genyard*, 84 AD3d 1398, 1399 [2011]; *People v Moody*, 300 AD2d 510 [2002]; *see generally People v Geraci*, 85 NY2d 359, 366 n 2 [1995]). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.