THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. BIEAR, Appellant. [987 NYS2d 896]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered August 16, 2012, convicting him of falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the instant prosecution is barred by the double jeopardy statute (CPL 40.20) because it is based upon the same alleged act that was the basis of a count in a federal indictment and prosecution of the defendant is without merit. CPL 40.20 (2) (b) provides that a person may not be prosecuted for two offenses based upon the same act or criminal transaction unless each of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil. Here, the federal crime of mail fraud (18 USC § 1341) requires using the postal service in furtherance of the commission of a fraud, and the state crime of falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a]) does not. Falsely reporting an incident in the third degree requires the false report of an alleged incident to a law enforcement officer or agency, and mail fraud does not. Similarly, the purpose of 18 USC § 1341 is to prevent the post office from being used to carry out fraudulent schemes (*see Parr v United States*, 363 US 370, 389 [1960]), and the purpose of Penal Law § 240.50 (3) (a) is to prevent the waste of the time and resources of law enforcement (*see People ex rel. Morris v Skinner*, 67 Misc 2d 221, 224 [1971]).

The defendant's contention that the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) deprived him of his right to testify on his own behalf also is without

merit. The record shows that the court engaged in the requisite balancing of probative value against prejudicial effect, and reached an appropriate compromise ruling (*see People v McManus*, 300 AD2d 321, 321 [2002]). The court precluded inquiry into the underlying facts of the defendant's federal mail fraud conviction, thus avoiding any undue prejudice to the defendant (*see id.*). The federal convictions involving theft were highly relevant to the issue of the defendant's credibility, because they demonstrated his willingness to deliberately further his self-interest at the expense of society (*see People v Harris*, 74 AD3d 984, 984 [2010]; *People v Telesford*, 2 AD3d 757, 757 [2003]; *People v Hegdal*, 266 AD2d 472, 473 [1999]). The fact that the defendant was the sole potential witness for the defense did not mandate a ruling prohibiting inquiry into his prior conduct, and only increased the importance of his credibility and his testimony (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Garcia*, 45 AD3d 860, 860-861 [2007]; *People v McLaurin*, 33 AD3d 819, 819 [2006]; *People v Cruz*, 21 AD3d 967, 968 [2005]). The court's *Sandoval* ruling constituted a proper exercise of its discretion, and did not deprive the defendant of the right to testify on his own behalf (*see People v Harewood*, 206 AD2d 437, 438 [1994]).

The defendant's remaining contention is without merit. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.