■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WALLACE, Appellant. [7 NYS3d 610]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered May 16, 2013, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Greller, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The credibility determinations of the County Court, which saw and heard the witnesses at the suppression hearing, are entitled to great deference on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Bennett*, 57 AD3d 912 [2008]; *People v Duggins*, 1 AD3d 450 [2003], *affd* 3 NY3d 522 [2004]). Here, the defendant's statements, although made before being informed of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were spontaneous and were "not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him" (*People v Barley*, 82 AD3d 996, 996 [2011] [internal quotation marks omitted]; *see People v Henderson*, 57 AD3d 562, 564-565 [2008]; *People v Whyte*, 47 AD3d 852, 853 [2008]). Moreover, the record supports the County Court's determinations that the police had reasonable suspicion to pursue the defendant (*see People v Woods*, 98 NY2d 627, 628-629 [2002]; *People v Holland*, 4 AD3d 375, 376 [2004]; *People v Sharpe*, 259 AD2d 639 [1999]), and that the reasonable suspicion ripened into probable cause to place him under arrest (*see People v Cotsifas*, 100 AD3d 1015 [2012]; *People v Shaw*, 83 AD3d 1101 [2011]; *People v Madrid*, 52 AD3d 530, 531 [2008]; *People v Butler*, 293 AD2d 686, 687 [2002]; *People v Yizar*, 196 AD2d 517, 518 [1993]). Contrary to the defendant's contention, the notice provided pursuant to

CPL 710.30 was sufficient, as it informed the defendant of the sum and substance of his statements sought to be introduced at trial (*see People v Mais*, 71 AD3d 1163, 1166 [2010]; *People v Carter*, 44 AD3d 677, 678 [2007]; *People v Coleman*, 256 AD2d 473, 474 [1998]).

The defendant's contention that the County Court should have suppressed certain physical evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Walters*, 120 AD3d 1272, 1273 [2014]; *People v Vann*, 92 AD3d 702 [2012]). In any event, this contention is without merit (*see People v Wade*, 137 AD2d 638, 638-639 [1988]; *People v Williams*, 123 AD2d 652, 653 [1986]; *People v Brown*, 40 AD2d 527, 527-528 [1972]).

Contrary to the defendant's contention, the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 377 [1974]) reflected a proper balance between the prejudicial effect of his prior convictions and their probative value on the issue of his credibility. The defendant's prior convictions bore directly upon his credibility and willingness to place his interests above those of society. These convictions were not so remote in time as to mandate preclusion, given the length of the defendant's incarceration between these convictions and the trial of this matter (*see People v McLaurin*, 33 AD3d 819, 820 [2006]; *People v Mack*, 6 AD3d 551 [2004]; *People v Peterson*, 262 AD2d 502, 503 [1999]). Further, in prohibiting the prosecutor from eliciting the underlying facts of the defendant's earlier convictions, the County Court avoided any undue prejudice to the defendant (*see People v Rosado*, 115 AD3d 884, 885 [2014]; *People v Thompson*, 99 AD3d 819 [2012]; *People v Myron*, 28 AD3d 681, 683 [2006]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Lane*, 7 NY3d 888, 889 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not

against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the evidence presented to the grand jury was legally insufficient is not reviewable on this appeal, since the defendant's guilt was proven beyond a reasonable doubt (*see* CPL 210.30 [6]; *People v Flowers*, 95 AD3d 1233, 1234 [2012]; *People v Oliver*, 87 AD3d 1035, 1037 [2011]).

The defendant contends that the prosecutor's peremptory challenges to prospective jurors based on race violated his rights under the Equal Protection Clause of the 14th Amendment to the United States Constitution (*see Batson v Kentucky*, 476 US 79 [1986]). However, this contention is unpreserved for appellate review as to certain jurors challenged prior to the challenge to juror No. 18 in the second round, as defense counsel never requested explanations for the challenges exercised by the prosecutor regarding those jurors (*see* CPL 470.05 [2]; *People v James*, 99 NY2d 264, 271 [2002]; *People v Garris*, 99 AD3d 1018, 1020 [2012]; *People v Lugo*, 69 AD3d 654 [2010]). In any event, these *Batson* challenges were properly denied because the defendant failed to meet his burden of demonstrating a prima facie case of discrimination (*see People v Zapata*, 98 AD3d 539, 540 [2012]; *People v Nunez*, 229 AD2d 598 [1996]). As to juror No. 18, the defendant's counsel sought an explanation for the prosecutor's peremptory challenge. After the County Court, in effect, found that the defendant established that the prosecutor's explanation was pretextual, it granted defense counsel's specific request for an additional peremptory challenge as relief. The defendant's counsel did not object or challenge the court's determination not to seat juror No. 18. As a result, to the extent that the defendant contends on appeal that juror No. 18 should have been seated, that contention is waived (*cf. People v Lebron*, 236 AD2d 423, 424 [1997]).

Contrary to the defendant's contention, the County Court properly allowed the prosecutor to elicit testimony relating to suspected check fraud and a related 911 emergency telephone call. The challenged evidence was properly admitted to provide background information as to why the police pursued and confronted the defendant (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Morris*, 89 AD3d 1112 [2011], *affd* 21 NY3d 588 [2013]; *People v Johnson*, 76 AD3d 1103, 1104 [2010]; *People v Jenkins*, 49 AD3d 780 [2008]). Moreover, the County Court alleviated any potential prejudice to the defendant by properly instructing the jury as to the limited purpose of the evidence (*see People v Tosca*, 98 NY2d at 661; *People v Morris*, 89 AD3d at 1113; *People v Holden*, 82 AD3d 1007, 1008 [2011]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.