■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAREIFF R. DAVIS, Appellant. [18 NYS3d 423]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered December 11, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was proper. In making its ruling, the court engaged in the requisite balancing of probative value against prejudicial effect, and reached an appropriate compromise ruling that precluded inquiry into the underlying facts of the defendant's prior convictions (*see People v Biear*, 119 AD3d 599, 600 [2014]; *People v McManus*, 300 AD2d 321 [2002]). The defendant failed

to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed the probative worth of that evidence that exclusion was warranted (*see People v Rosado,* 115 AD3d 884, 885 [2014]; *People v Cosme,* 99 AD3d 940, 941 [2012]; *People v Harris,* 74 AD3d 984 [2010]).

The County Court did not improvidently exercise its discretion in closing the courtroom for the *Sirois* hearing (*see People v Sirois,* 92 AD2d 618 [1983]). The People advanced an overriding interest in the safety of the individuals testifying, and the closure was no broader than necessary to protect that interest (*see People v Garay,* 25 NY3d 62, 69-70 [2015]; *People v Echevarria,* 21 NY3d 1, 11 [2013]). While the record does not mention alternatives, it is otherwise sufficient to establish the need to close the courtroom for the hearing. Therefore, it can be implied that the County Court, in ordering closure, determined that no lesser alternative would protect the articulated interest (*see People v Garay,* 25 NY3d at 70; *People v Echevarria,* 21 NY3d at 17). Moreover, the evidence presented at the hearing, and the inferences that logically flow therefrom, were sufficient to support the court's determination, under the clear and convincing evidence standard, that the defendant's misconduct caused the witness's refusal to testify at trial, and thus the People were properly allowed to read the witness's grand jury testimony to the jury as part of their direct case (*see People v Wilson,* 115 AD3d 891 [2014]; *People v Oge,* 287 AD2d 469 [2001]).

The County Court did not improvidently exercise its discretion in discharging a juror just before deliberations began, because the juror had to travel out of state for the funeral of a family member and was therefore unavailable for continued service within the meaning of CPL 270.35 (1) (*see People v Faulkner,* 55 AD3d 924, 925 [2008]; *People v Velasquez,* 171 AD2d 825, 826 [1991]).

The defendant contends that the prosecutor committed misconduct by making certain remarks about the victim in his opening statement, and by questioning witnesses about the victim's background. However, these contentions are unpreserved for appellate review, because the defendant did not object to these remarks or questions (*see People v Wallace,* 123 AD3d 1151, 1152 [2014]; *People v Mereness,* 43 AD3d 473, 474 [2007]; *People v Arroyo,* 309 AD2d 870, 871 [2003]). In any event, the defendant's contention that this and other conduct by the prosecutor constituted misconduct is without merit.

Finally, the County Court did not improvidently exercise its discretion in allowing the People to recall a detective as a

rebuttal witness, as the rebuttal evidence was closely linked to the alleged motive, or lack thereof, for the subject murder, which was not collateral (*see People v Roache*, 308 AD2d 388 [2003]). Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.