■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. MANIGAT, Appellant. [24 NYS3d 397]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered March 19, 2014, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence presented at trial established that on Thanksgiving Day, November 24, 2011, the complainant was in her house eating dinner and looking out a window at her husband's car parked on the street when she saw the defendant fire a shot into that car. When the complainant stood up and screamed, the defendant pointed the gun at her. The complainant ducked under a table and the defendant fired another shot, which hit the frame of the kitchen window where the complainant had been standing. The shooting was related to a debt owed by the complainant's husband.

The People sought to present evidence, under *Molineux* (*see People v Molineux*, 168 NY 264 [1901]), of two phone calls the defendant made from Rikers Island following his arrest. In one phone call, the defendant threatened another person regarding payment of an unrelated debt. In the second phone call, the defendant discussed the matter of the unrelated debt with a third party, stating that the defendant was not scared of the police and would go to the debtor's house, "rag" him up, and "do the same thing again" if the debtor did not have all his money. The Supreme Court denied the People's application, but made a *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) that, should the defendant decide to testify, the People could ask him if he made calls to a certain individual threatening to "rack [him] up" if the individual did not have the defendant's money, but would not be permitted to play the recordings of the calls unless the defendant denied having made them. The defendant did not testify.

While, contrary to the People's contention, the defendant's challenge to the *Sandoval* ruling is preserved for appellate review (*see* CPL 470.05 [2]), we conclude that the Supreme Court providently exercised its discretion in making this ruling, and that the ruling did not deprive the defendant of the right to testify on his own behalf (*see People v Sandoval*, 34 NY2d at 374-378). The phone calls were relevant to the issue of the defendant's credibility, because they demonstrated his willingness "to deliberately further his self-interest at the expense of society" (*People v Biear*, 119 AD3d 599, 600 [2014]; *see People v Harris*, 74 AD3d 984 [2010]; *People v Telesford*, 2 AD3d 757 [2003]; *People v Hegdal*, 266 AD2d 472, 473 [1999]). Moreover, the mere fact that the bad acts were similar or even identical in nature to the instant offenses did not warrant their preclusion, and the defendant is not shielded from impeachment because he chose to specialize in one type of criminal activity (*see People v Harris*, 74 AD3d at 984-985; *People v Springer*, 13 AD3d 657 [2004]; *People v Sokolov*, 245 AD2d 317, 318 [1997]). The fact that the defendant was the sole potential witness for the defense did not mandate a ruling prohibiting inquiry into his subsequent conduct, and only increased the importance of his credibility and his testimony (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Biear*, 119 AD3d at 600; *People v Garcia*, 45 AD3d 860, 860-861 [2007]; *People v McLaurin*, 33 AD3d 819 [2006]; *People v Cruz*, 21 AD3d 967, 968 [2005]).

The defendant also challenges certain allegedly improper comments made by the prosecutor during summation. The de-

fendant's contentions in this regard are largely unpreserved for appellate review (*see* CPL 470.05 [2]) since, with respect to the majority of the challenged comments, he failed to object, or made general objections that were sustained without any further request for curative instructions and were not the basis of his motion for a mistrial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Barton*, 110 AD3d 1089, 1090 [2013]; *People v Read*, 97 AD3d 702, 703 [2012]; *People v Parker-Davidson*, 89 AD3d 1114 [2011]). In any event, those challenged comments were proper, as "they were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence" (*People v Barton*, 110 AD3d at 1091; *see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Hanson*, 100 AD3d 771, 772 [2012], *revd on other grounds* 24 NY3d 294 [2014]). For this reason, defense counsel's failure to object to those comments did not constitute ineffective assistance of counsel. As to two comments the prosecutor made regarding an outburst by the defendant during the trial, to which the defendant's objection is preserved, the comments were improper, particularly since they were made in the face of the Supreme Court's explicit instructions to the jury to disregard the outburst and not hold it against the defendant. Nevertheless, the court sustained the objections to both comments, thereby "aborting prejudice by cutting short the argument[ ]" (*People v Galloway*, 54 NY2d at 399). Reversal is not warranted since the prosecutor's comments did not, singly or in combination, deprive the defendant of a fair trial (*see People v McMillan*, 130 AD3d 651, 654-655 [2015]; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]; *People v Dunbar*, 74 AD3d 1227, 1229 [2010]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.