■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LOMBARDO, Appellant. [58 NYS3d 401]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mondo, J.), rendered December 1, 2014, convicting him of burglary in the first degree (two counts), robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) did not deprive the defendant of a fair trial. The ruling reflected a proper balance between the probative value of the proffered evidence on the issue of the defendant's credibility and the danger of prejudice to the defendant (*see People v Sandoval*, 34 NY2d at 375; *People v Wright*, 121 AD3d 924 [2014]). The Supreme Court correctly found that certain prior convictions bore directly upon the defendant's credibility and willingness to place his interests above those of society. Considering the length of the defendant's period of incarceration in the years between those prior convictions and the trial in this matter, those convictions were not so remote in time as to mandate preclusion (*see People v McLaurin*, 33 AD3d 819 [2006]; *People v Mack*, 6 AD3d 551 [2004]; *People v Peterson*, 262 AD2d 502 [1999]). Moreover, the mere fact that the bad acts were similar or even identical in nature to the instant offenses did not warrant their preclusion, and the defendant is not shielded from impeachment because he chose to specialize in one type of criminal activity (*see People v Manigat*, 136 AD3d 614 [2016]; *People v Harris*, 74 AD3d 984 [2010]; *People v Jay*, 187 AD2d 454 [1992]). Further, in prohibiting the prosecutors from eliciting the underlying facts of any of the defendant's prior convictions,

the court avoided any undue prejudice to the defendant (*see People v Wallace*, 128 AD3d 866 [2015]; *People v Biear*, 119 AD3d 599 [2014]; *People v Edwards*, 118 AD3d 909 [2014]). The defendant failed to sustain his burden of demonstrating that the prejudicial effect of the admission of evidence of the prior convictions for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion (*see People v Sandoval*, 34 NY2d at 378; *People v Grant*, 7 NY3d 421, 425-426 [2006]).

Furthermore, the in-court identification by a 13-year-old eyewitness did not deprive the defendant of a fair trial. Since the witness did not participate in a pretrial identification procedure and there is no colorable claim of suggestiveness, there was no need for the People to establish an independent basis for the admission of her testimony (*see People v Spirles*, 275 AD2d 980 [2000]). Defense counsel was able to explore weaknesses of the identification in front of the jury (*see People v Jackson*, 94 AD3d 1559 [2012]; *People v Morales*, 228 AD2d 704 [1996]; *People v Medina*, 208 AD2d 771 [1994]). Moreover, the defendant's challenges to the reliability of the identification evidence go to the weight to be afforded such evidence by the jury and not to its admissibility (*see People v Dennard*, 39 AD3d 1277 [2007]; *People v Ross*, 288 AD2d 138 [2001]; *People v Harris*, 271 AD2d 258 [2000]). Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.