People v Scott (2018 NY Slip Op 07157)





People v Scott


2018 NY Slip Op 07157


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-11437
 (Ind. No. 15-0550)

[*1]The People of the State of New York, respondent,
v
Carla Scott, appellant.


Stephen N. Preziosi, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered September 27, 2016, convicting her of manslaughter in the first degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the afternoon of April 16, 2015, the defendant was seated in the driver's seat of her car, which was parked on a public street. A friend of the defendant was seated in the front passenger seat, and three children were in the back seat. The car's windows were closed. A woman known to the defendant, and romantically involved with the same man as the defendant, approached the car, accompanied by several friends. This woman crossed in front of the car while demanding that the defendant get out of the car. The car's windows were still closed. As the woman stood in front of the car, the defendant accelerated the car and struck the woman, propelling her onto the hood. After the woman fell off the hood, the defendant accelerated the car and ran over the woman. The defendant then drove away from the scene of the incident without notifying the police. The woman was taken to a local hospital, where she was pronounced dead. After a jury trial, the defendant was convicted of manslaughter in the first degree and leaving the scene of an incident without reporting.
We disagree with the County Court's determination to admit into evidence certain text messages transmitted by the defendant to a third party in the hours preceding the subject incident, as the text messages were indicative of the defendant's propensity for violence and the possible prejudice to the defendant outweighed the probative value of this evidence (see People v Cortez, 22 NY3d 1061). However, this error was harmless. The evidence of the defendant's guilt, without reference to the error, was overwhelming, and there was no significant probability that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242), particularly in light of the court's limiting instruction to the jury (see People v Dorm, 12 NY3d 16, 19; People v Holden, 82 AD3d 1007, 1007-1008).
The County Court reached a proper balance pursuant to People v Sandoval (34 NY2d 371, 375) by allowing the People to inquire, should the defendant testify, into the facts but not the underlying circumstances of certain of the defendant's prior convictions, as those prior convictions revealed the defendant's willingness to place her interests above those of society and were highly probative of the defendant's credibility (see People v Cruz, 21 AD3d 967; People v Williams, 292 AD2d 474, 475).
Contrary to the defendant's contention, no reasonable view of the evidence supported an expanded justification charge with respect to the other occupants of the car (see Penal Law § 35.15[1]; People v Sanchez, 31 NY3d 949, 950; People v Reynoso, 73 NY2d 816, 818; cf. People v Torre, 42 NY2d 1036, 1036-1037; People v Shanis, 36 NY2d 697; People v Fermin, 36 AD3d 934, 936).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court