People v McPherson (2024 NY Slip Op 03061)

People v McPherson

2024 NY Slip Op 03061

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2020-00604
 (Ind. No. 39/18)

[*1]The People of the State of New York, respondent,
v
Brad McPherson, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Rhys Johnson and Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered December 5, 2019, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) did not deprive him of a fair trial. The ruling reflected a proper balance between the probative value of the proffered evidence on the issue of the defendant's credibility and the danger of prejudice to the defendant (see id. at 375; People v Cooper, 224 AD3d 925, 926). The court correctly determined that certain prior convictions bore directly upon the defendant's credibility and willingness to place his interests above those of society. "Considering the length of the defendant's period of incarceration in the years between those prior convictions and the trial in this matter, those convictions were not so remote in time as to mandate preclusion" (People v Lombardo, 151 AD3d 887, 887; see People v Giddens, 161 AD3d 1191, 1192). Further, in prohibiting the People from eliciting the nature or the underlying facts of any of the defendant's prior convictions, the court avoided any undue prejudice to the defendant (see People v Lombardo, 151 AD3d at 887-888). Thus, "[t]he defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed the probative worth of that evidence that exclusion was warranted" (People v Walker, 141 AD3d 678, 678).
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court